UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60426-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

HENRY LAMAR THOMAS,                   :

    Petitioner,                   :

v.                                                REPORT RE DISMISSAL
                                      :           §2254 PETITION
WALTER A. McNEIL,                                 AS TIME BARRED
                                      :

    Respondent.                   :

_____ :

    Henry Lamar Thomas, a state prisoner confined at South Bay Correctional Facility at South Bay, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his conviction entered in Case No. 94-11839 in the Circuit Court of the Seventeenth Judicial Circuit of Florida at Broward County, raising claims of ineffective assistance of trial and postconviction counsel.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    For its consideration of the petition with supporting documentary exhibits, the Court has the petitioner's response to an order regarding the limitations period with supporting exhibits, and the respondent's response to an order to show cause with multiple exhibits.

    The pertinent procedural history of this case is as follows. Thomas was convicted after jury trial of two counts of armed robbery and one count of burglary with a firearm, and he was

sentenced to concurrent terms of life imprisonment. (DE# 13; Ex. 1, 2). His convictions and sentences were affirmed by the appellate court in a *per curiam* decision without written opinion issued on June 17, 1998. (DE# 13; Ex. 3). See also Thomas v. State, 718 So.2d 193 (Fla. 4 DCA 1998)(table). After waiting approximately nineteen months, on January 17, 2000,[1] Thomas initiated his pursuit of postconviction relief, challenging his convictions in a motion filed pursuant to Fla.R.Crim.P. 3.850, through retained counsel Kenneth P. Speiller. (DE# 13; Ex. 4). After having received a response from the state, the trial court summarily denied the motion in a written order entered on July 13, 2000 (DE# 13; Ex. 5), and the trial court's ruling was affirmed by the state appellate court on December 27, 2000, in a *per curiam* decision without written opinion. (DE# 13; Ex. 6). See also Thomas v. State, 778 So.2d 295 (Fla. 4 DCA 2000)(table). The mandate issued on February 23, 2001, after Thomas' motion for rehearing had been denied. See Thomas v. State, No. 4D00-3398; http://www.4dca.org.[2]

Approximately nine months later, on December 7, 2001, Thomas returned to the trial court and challenged his sentences as unlawful in a *pro se* motion filed pursuant to Fla.R.Crim.P.

---

[1]It is unclear from the record whether Thomas' initial Rule 3.850 motion was filed on January 17, 2000, as noted in a subsequent Rule 3.850 motion, or January 27, 2000, as stated by the respondent in his response filed in this Court. Since the initial motion was filed by counsel, the mailbox rule is inapplicable and the date the pleading was in fact filed with the state court is the appropriate date. The copy of the motion submitted to this Court by the respondent bears a file-stamp date, however, that stamp is illegible. See Motion for Post Conviction Relief, Pursuant to Florida Rule of Criminal Procedure 3.850 at 1. (DE# 13; Ex. 4). Since this federal petition is untimely filed regardless of which date is the correct date, this Court will assume for purposes of this habeas corpus petition that the motion was filed on January 17, 2000.

[2]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Fourth District Court of Appeal of Florida, see http://www.4dca.flcourts.org, viewed on this date in Thomas v. State, Case No. 4D00-3398 (Fla. 4 DCA). See Fed.R.Evid. 201.

3.800(a).[3] (DE# 13; Ex. 7). This motion was also summarily denied by the trial court (DE# 13; Ex. 8), and the denial was affirmed by the appellate court on June 12, 2002, in a *per curiam* affirmance without written opinion. (DE# 13; Ex. 9). See also Thomas v. State, 821 So.2d 1080 (Fla. 4 DCA 2002)(table). Thomas' *pro se* petition for discretionary review was dismissed by the Florida Supreme Court on August 16, 2002. See Thomas v. State, 825 So.2d 935 (Fla. 2002).

Fifteen months later, on November 24, 2002, again proceeding *pro se*, Thomas filed in the trial court his second Rule 3.850 motion with supporting memorandum of law, challenging his convictions and sentences as unlawful on several new enumerated grounds. (DE# 13; Ex. 10). The second motion was summarily denied by order entered on January 5, 2004 (DE# 13; Ex. 11), and the denial was *per curiam* affirmed by the state appellate court. (DE# 13; Ex. 12). See also Thomas v. State, 877 So.2d 730 (Fla. 4 DCA 2004)(table). The mandate issued on August 6, 2004. See Thomas v. State, No. 4D04-710; http://www.4dca.org.[4] Thomas filed his third and final Rule 3.850 motion, through retained counsel Leah H. Mayersohn, on July 17, 2006, challenging the convictions on newly asserted claims involving Thomas' competency to proceed to trial and trial counsel's ineffectiveness as to this issue. (DE# 13; Ex. 13). The trial court summarily denied Thomas relief on his motion after having received and reviewed a response filed by the state,

---

[3]Thomas indicates in his final Rule 3.850 that he had filed another postconviction motion on or about August 18, 2000. See Motion to Vacate, Set Aside or Correct Sentence at 4. (DE# 13; Ex. 13). Neither the petitioner nor the respondent has submitted to this Court any such motion, order disposing of the motion, etc. However, even if this Court were to accept such assertion as true, the motion would have no effect on the timeliness of the instant petition in that it too was filed after the one-year limitation period had expired.

[4]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Fourth District Court of Appeal of Florida, see http://www.4dca.flcourts.org, viewed on this date in Thomas v. State, Case No. 4D04-710 (Fla. 4 DCA). See Fed.R.Evid. 201.

and the denial of postconviction relief was once again affirmed by the appellate court, with the mandate issuing in the proceeding on December 1, 2006. (DE# 13; Ex. 15). <u>See also</u> <u>Thomas v. State</u>, 953 So.2d 540 (Fla. 4 DCA 2006)(table); http://www.4dca.org.[5]

After waiting more than fifteen months after all state court proceedings had concluded, Thomas came to this Court, filing the instant *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on March 14, 2008.[6] In response to the order to show cause, the respondent asserts that this petition should be dismissed as untimely filed. (Response to Order to Show Cause)(DE# 12). The respondent further asserts that certain claims raised are unexhausted and subject to a procedural bar. <u>Id</u>. The claims have not been addressed on the merits. <u>Id</u>. Because the respondent's argument that the instant petition is time-barred is meritorious and dispositive of the petition, this Court need not address the other potentially dispositive procedural defenses.

Since the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. <u>See</u> Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has

---

[5]The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Fourth District Court of Appeal of Florida, <u>see</u> http://www.4dca.flcourts.org, viewed on this date in <u>Thomas v. State</u>, Case No. 4D06-3991 (Fla. 4 DCA). <u>See</u> <u>Fed.R.Evid.</u> 201.

[6]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 7)(DE# 1).

expired. 28 U.S.C. §2244(d)(1)(A).[7] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[8] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary  for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5 Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

Here, Petitioner's underlying convictions and sentences became final at the latest on September 15, 1999, ninety days after the Florida Fourth District Court of Appeal affirmed Thomas' convictions and sentences on direct appeal. See Chavers v. Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1275 (11

---

[7]The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action  in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[8]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

Cir. 2006), *citing*, <u>Bond v. Moore</u>, 309 F.3d 770 (11 Cir. 2002). Since this federal habeas corpus proceeding challenging the subject convictions and sentences was not instituted until March 14, 2008, well-beyond one year after the date on which the convictions and sentences became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated by the above-reviewed procedural history of this case, Thomas pursued collateral relief in the state trial and appellate courts, attacking his convictions and sentences. He is, however, not entitled to statutory tolling while the proceedings remained pending. The initial state Rule 3.850 proceeding was not filed until January 17, 2000, four months after the one-year limitation period had already expired on September 16, 1999. <u>See</u> <u>Tinker v. Moore</u>, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); <u>Webster v. Moore</u>, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), <u>cert.</u> <u>denied</u>, 531 U.S. 991 (2000). Accordingly, for the petition to have been timely filed, it was due in this Court on or before September 16, 1999.

An order was entered requiring the petitioner to state whether one or more of the statutory factors justify consideration of this petition for writ of habeas corpus. (DE# 3). The petitioner was notified that failure to demonstrate the existence of at least one of the four factors would probably result in dismissal of the petition. <u>Id</u>. Thomas appears to concede that his petition is

untimely. In his petition in claim six and in his response to this Court's order, Thomas attempts to justify the untimely petition by asserting that he is entitled to equitable tolling of the limitation period.

Petitioner first claims that equitable tolling is warranted on the basis that he received ineffective assistance of postconviction counsel. <u>See</u> Petition at (6)(H); Petitioner's Response to Limitation Period by Court's Order. (DE# 1; 11). Specifically, he alleges that initially retained attorney Kenneth Speiller maintained possession of his criminal record and trial transcript, and during that time the federal limitation period expired. <u>Id</u>. He further alleges that subsequent retained attorney Leah Mayersohn misled him and his family when she claimed to be working on his federal petition for writ of habeas corpus when in fact she had stopped working on the petition after the belated Rule 3.850 motion was denied. <u>Id</u>. Thomas also states that Mayersohn never advised him or his family that she had no intention of filing such a petition, and in fact indicated otherwise. <u>Id</u>

In support of his assertion regarding attorney Speiller, Thomas has attached to his pleadings an Affidavit executed by attorney Speiller in which Speiller averred in pertinent part as follows:

> 2.  I was retained to represent Henry Thomas in state court post conviction proceedings. In order to represent Mr. Thomas I took and maintained possession of the record and transcripts in his case (Broward Circuit Court Case No. 94-11839CF10A). I had these items from approximately February 24, 1999 until July 27, 2000.
>
> 3.  Since I do not do much federal criminal work I was and am unaware of the time restrictions for the filing of federal motions directed toward state court convictions, judgments

and/or sentences.[9]

(Affidavit of Kenneth P. Speiller executed on October 11, 2002)(Exhibit attached to DE# 1, 11). As to attorney Mayersohn, Thomas has also submitted a copy of a billing statement received from the Law Offices of Leah H. Mayersohn, P.A., generated on May 7, 2007, indicating that beginning in January 2007, and through April 2007, attorney Mayersohn provided legal services for the purpose of preparing and filing a petition for writ of habeas corpus. (Exhibit attached to DE# 1, 11).

Even if filed beyond the one-year limitation period, a petitioner's federal habeas petition may still be considered timely if he is entitled to equitable tolling. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d at 1312. The Courts have held that equitable tolling is an extraordinary remedy that must be applied sparingly. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11 Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Id. To be entitled to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Lawrence v. Florida, 549 U.S. 327, ____, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007).

---

[9]Florida has a two-year limitation period for the filing of a motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850. See Fla.R.Crim.P. 3.850(b). See also Zeigler v. State, 632 So.2d 48, 50 (Fla. 1993), cert. denied, 513 U.S. 830, 115 S.Ct. 104, 130 L.Ed.2d 52 (1994)(two-year time period for challenging a conviction commenced when the conviction alone became final, not when both the conviction and sentence became final); Kissel v. State, 757 So.2d 631 (Fla. 5 DCA 2000)(same).

The Eleventh Circuit has repeatedly held that attorney negligence is not a basis for equitable tolling. <u>Helton</u>, 259 F.3d at 1313; <u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11 Cir. 2000); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271-72 (11 Cir.1999). <u>See also</u> <u>Lawrence</u>, 127 S.Ct. at 1085 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."). The Court has recently addressed whether attorney misconduct going beyond "mere negligence" may constitute an extraordinary circumstance warranting equitable tolling. <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d 1311 (11 Cir. 2008).

In *Downs*, the Eleventh Circuit vacated an order dismissing a habeas petition as untimely based on counsel's alleged behavior that "ran the gamut from acts of mere negligence to acts of gross negligence to acts of outright willful deceit." <u>Id</u>. at 1323. The Court placed great importance on the fact that the alleged acts of attorney misconduct included affirmative misrepresentations by counsel about the filing of a state habeas petition and that such a filing would have tolled the federal habeas limitations period. <u>Id</u>. at 1322-25. It was because of counsel's lies, which deprived the unknowing petitioner of as many as three months of his limitations period before it was discovered, that resulted in the Court's holding. <u>Id</u>. The Court had held similarly in earlier unpublished opinions. <u>See</u> <u>Kicklighter v. United States</u>, No. 07-14945, 2008 WL 2421728 (11 Cir. June 17, 2008)(unpublished)(petitioner alleged that counsel "lied to him about whether the appeal had been filed"); <u>Hammond v. Frazier</u>, 275 Fed.Appx. 896 (11 Cir. 2008)(unpublished)(petitioner alleged that "post-conviction counsel falsely told him that counsel had filed the state habeas petition"). <u>See also</u> <u>Holland v. Florida</u>, 539 F.3d 1334, 1338-1339 (11 Cir. 2008).

It is clear from the record that any misconduct on the part of postconviction counsel Speiller involved acts of negligence, not entitling Thomas to the benefit of equitable tolling. As to the allegations involving attorney Mayersohn, this Court first notes that Thomas' allegations that counsel Mayersohn misled him and his family regarding legal advice pertaining to the possible filing of a federal habeas corpus petition and/or the actual filing of such a petition is wholly conclusory with no support whatever in the record, such as, affidavits from retained counsel Mayersohn and/or Thomas' family.[10] Further, in contrast to *Downs*, Thomas' allegations are limited to Mayersohn's failure to communicate with Thomas on the status of his case and to Mayershon's failure to file a federal habeas petition timely, despite the belief that she was going to do so. The alleged conduct again constitutes negligence, even if possibly gross negligence.

No allegation of lawyer negligence or of failure to meet a lawyer's standard of care-in the absence of an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part-can rise to the level of egregious attorney misconduct that would entitle petitioner to equitable tolling. Holland v. Florida, 539 F.3d 1334, 1338-1339 (11 Cir. 2008); Johnson v. Florida Department Of Corrections, 513 F.3d 1328, 1333 (11 Cir. 2008). Petitioner's attorneys' negligence, even if considered gross negligence, and failure to meet the requisite standard of care, in the absence of bad faith, dishonesty, divided loyalty, etc., does not rise to the level of egregious attorney misconduct that would entitle Petitioner to equitable tolling.

---

[10]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

Holland, supra.

However, even if this Court were to accept Thomas' allegations of knowing or reckless factual misrepresentation or of lawyer dishonesty with regard to attorney Mayershon, the outcome of this proceeding remains the same. The record indicates that any promised federal habeas corpus petition would have been filed by attorney Mayersohn after the conclusion of third Rule 3.850 proceedings in the trial and appellate court on December 1, 2006. By that time, the federal limitations period had long expired. Thus, even assuming the allegations are true, Thomas cannot reasonably argue that the allegations regarding attorney Mayershon, which occurred after the limitations period had run, prevented him from filing a federal habeas petition timely. Holland, 539 F.3d at 1340. In other words, attorney Mayersohn's inaction, whether viewed as negligent or based upon dishonesty, did not result in this petition being untimely filed. Thomas is, therefore, not entitled to equitable tolling on the basis of postconviction counsel's conduct.

Thomas has also apparently presented an additional ground to support his claim for equitable tolling. He alleges that he suffers from diminished mental ability. See Petitioner's Response to Limitation Period by Court's Order. (DE# 11). In support, he refers this Court to a psychological evaluation conducted for his final state postconviction proceedings which indicates that he functions in an extremely low or mentally retarded range. See Report of Psychological Evaluation conducted on March 8, 2006, by Jori J. Butts, J.D., Ph.D. (DE# 1, 11). See also Motion to Vacate, Set Aside or Correct Sentence. (DE# 13; Ex. 13). Mental incompetence, standing alone, is not a sufficient reason to toll the applicable limitation period. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11 Cir. 2005); Bilbrey v. Douglas, 124 Fed.Appx. 971, 973 (6 Cir.

2005)(finding equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); Green v. Hinsley, 116 Fed.Appx. 749, 751 (7 Cir. 2004)(finding that equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); Fisher v. Gibson, 262 F.3d 1135, 1145 (10 Cir. 2001)(petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the limitations period); Lake v. Arnold, 232 F.3d 360, 371 (3 Cir. 2000).

Thomas has not explained how his reduced mental range had a material effect on his failure to timely file his habeas petition, other than that he is incapable of understanding the law. It is noted that Thomas has filed several *pro se* postconviction proceedings in the state courts and his final Rule 3.850 motion, which was based upon Thomas' claim that he lacked the requisite mental competency to proceed to trial, was rejected by the state trial and appellate courts as meritless. See Order Denying Defendant's Motion for Post-Conviction Relief (DE# 13; Ex. 14); Thomas v. State, 953 So.2d 540 (Fla. 4 DCA 2006)(table). Further, being unskilled in the law does not warrant equitable tolling. See also Rivers v. United States, 416 F.3d 1319, 1323 (11 Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required).

Moreover, in order to obtain the benefit of equitable tolling, Thomas was required to pursue his rights diligently. Lawrence, 127 S.Ct. at 1085. From the above-review of the record, it is clear

that Thomas has failed to pursue the process with diligence and alacrity. The record also does not indicate that Thomas was in any way impeded by any unconstitutional State action in pursuing state postconviction relief or filing this federal petition for writ of habeas corpus. See 28 U.S.C. §2244(d)(1)(B). As noted above, Thomas has no statutory right to counsel in postconviction proceedings. See Lawrence, 127 S.Ct. at 1085; Murray v. Giarratano, 492 U.S. 1, 10, 12, 109 S.Ct. 2765, 2771-72, 106 L.Ed.2d 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 555-57, 107 S.Ct. 1990, 1993-94, 95 L.Ed.2d 539 (1987). Finally, Thomas' status as an unskilled layperson does not excuse the delay.  See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

In conclusion, Thomas has presented no valid explanation supported by the record for his failure to timely file his federal habeas corpus petition attacking his convictions and sentences. The time-bar is ultimately the result of Thomas' failure to timely prosecute state postconviction proceedings and then this federal habeas corpus petition. Since any cognizable claims raised by Thomas in this habeas corpus proceeding instituted on March 14, 2008, is untimely, the claims are time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and not entitled to review on the merits.

It is therefore recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this <u>10</u><sup>th</sup> day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Henry Lamar Thomas, <u>Pro</u> <u>Se</u>
     DC# 656621
     South Bay Correctional Facility
     600 U.S. Highway 27 South
     South Bay, FL 33493

     Katherine Y. McIntire, AAG
     Office of the Attorney General
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401-3428